UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-26-JBC

JAMES V. GAY and
EARL GAY,                                                                                           PLAINTIFFS,

V.                              MEMORANDUM OPINION AND ORDER

TEDDY E. MARTIN and
MONTGOMERY CO. SHERIFF'S OFFICE,                                              DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the motion of the defendant, Fred Shortridge, to dismiss the claims against him in his official capacity as Sheriff of Montgomery County, Kentucky.  R. 7.  The court will grant the motion in part and deny it in part.  The court will dismiss the claims concerning the Due Process Clause, failure to investigate or prosecute, and failure to protect but will permit the plaintiffs to proceed on their claim under the Equal Protection Clause.

I.      Background

The plaintiffs, James V. Gay and Earl Gay, allege that Shortridge, as Sheriff of Montgomery County, violated their constitutional rights by failing to "lawfully and equally enforce and carry-out [his] law enforcement duties and obligations."  R. 1.  According to the plaintiffs, the sheriff's office refused to investigate their complaints regarding the trespass to and conversion of their land.  The plaintiffs own land that abuts land owned by Teddy E. Martin, another defendant in this

action. *Id.* On several occasions in September 2008, the Gays reported to the sheriff's office that Martin had "encroached or trespassed upon their land . . . by moving or causing to be moved fencing and other markers separating the Gay land from Martin's . . . land," but the sheriff's office never responded to their complaints. *Id.*

Shortridge has moved to dismiss the claims asserted against him in his official capacity, arguing that the plaintiffs have failed to state a claim upon which relief may be granted. R. 7.

## II.     Analysis

The plaintiffs bring claims under 42 U.S.C. § 1983 and the Due Process Clause and Equal Protection Clause of the United States Constitution.[1] The court will dismiss the claims relating to the Due Process Clause, failure to investigate or prosecute, and failure to protect, but it will permit the plaintiffs to proceed with their claim under the Equal Protection Clause.

---

[1] In the instant motion, Shortridge requested that the court dismiss the plaintiffs' state-law claims against him, arguing that the doctrine of sovereign immunity bars such claims. However, the complaint does not indicate that the plaintiffs are pursuing any state-law claims against Shortridge. While the plaintiffs allege that Martin intentionally trespassed onto their land and attempted to adversely possess it, they do not extend those allegations to Shortridge. Furthermore, Shortridge raised doubts as to the existence of any state-law claims against him in his memorandum in support when he requested that those claims be dismissed "if any are asserted against [him]." R. 7, at 5. He did not identify any specific state-law claims in his motion, and the plaintiffs addressed only the federal-law claims in their response. Because nothing in the record indicates that the plaintiffs have pleaded any state-law claims against Shortridge, the court declines to rule as to whether the doctrine of sovereign immunity precludes such claims.

In order to state a *prima facie* case under § 1983, the plaintiffs must allege conduct that (1) was committed by a person acting under color of state law and (2) deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). The instant plaintiffs contend that the sheriff's office deprived them of rights under the Due Process Clause and Equal Protection Clause of the United States Constitution. In particular, they assert that (1) the repeated failure of the sheriff's office to respond to their complaints concerning Martin's alleged trespass onto their land deprived them of due process of law and (2) the sheriff's office violated the Equal Protection Clause by treating them differently because of their race.

Because the plaintiffs sued Shortridge in his official capacity, this suit is essentially against Montgomery County.[2] *See Fox v. Van Oosterum*, 176 F.3d 342, 347-48 (6th Cir. 1999). A governmental body, such as Montgomery County, will be liable under § 1983 only when the execution of its policy or custom inflicts the alleged constitutional injury. *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993). Furthermore, the plaintiffs must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred

---

[2] In the complaint, the plaintiffs list "Montgomery County Sheriff's Office[;] Fred Shortridge, Sheriff" as a defendant in the case heading and include "Fred Shortridge, in his official capacity as Sheriff of the Montgomery County Sheriff's Office" under the section entitled "Parties." R. 1. Nothing in the complaint suggests that Shortridge is being sued in his individual capacity.

because of the execution of that policy." *Id.* (quoting *Coogan v. City of Wixom, Mich.*, 820 F.2d 170, 176 (6th Cir. 1987)). The county's policy or custom must be the "moving force" behind the deprivation of the plaintiffs' rights in order for the plaintiffs to recover. *Adair v. Charter County of Wayne, Mich.*, 452 F.3d 482, 492-93 (6th Cir. 2006).

The due-process claims must be dismissed as a matter of law. Generally, a state or local government does not have an affirmative duty under the Due Process Clause to protect its citizens from the acts of private persons. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). While a duty may arise if a "special relationship" exists between the government and the individual, such as that between an inmate and a jailer, that is not at issue in the instant action. *Id.* at 198-200. The sheriff's office, therefore, had no duty to protect the plaintiffs' property rights from the actions of Martin, a private citizen.

Similarly, the plaintiffs cannot pursue a claim against the sheriff for failure to investigate or prosecute. The plaintiffs allege that the sheriff's office should not have refused to investigate their complaints of trespass, and they seek, among other things, an injunction that would require the sheriff to investigate those complaints. This claim fails as a matter of law because the plaintiffs have "no constitutional right to require a public official to investigate or prosecute a crime." *Bombardiere v. Ohio*, No. 2:07-CV-887, 2008 WL 3895498, at *4 (S.D. Ohio August 22, 2008) (citing *White v. City of Toledo, Ohio*, 217 F.Supp.2d 838, 841-

4

42 (N.D. Ohio 2002); see also *DeShaney*, 489 U.S. at 195 ("But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors").

The equal-protection claim is also inadequate because the plaintiffs failed to plead sufficient facts to support it, but the court will not dismiss the claim at this point. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (citation omitted). In addition, the plaintiffs "bear the initial burden of demonstrating that a discrimination of some substance has occurred against them which has not occurred against others similarly situated." *Hussein v. City of Perrysburg, Ohio*, 535 F.Supp.2d 862, 871 (N.D. Ohio 2008) (citing *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)).

The plaintiffs assert that they have suffered "disparate treatment" (Compl. ¶¶ 1, 10, 13) at the hands of the sheriff's office, which has failed to "equally enforce" (*Id.* ¶1) its duties, and that the plaintiffs have suffered harm as a result. Such words as "disparate" and "equally" imply, but do not state, facts sufficient to underpin an equal-protection claim. The court will permit the plaintiffs to amend their complaint within fifteen days from the date of entry of this order. In order to plead an equal-protection claim, the plaintiffs must state that (1) the Sheriff (a state

5

actor) (2) intentionally discriminated against them (3) because of their race (4) while treating differently white persons who made complaints similar to the ones made by the plaintiffs. If they cannot do so, the court will dismiss the equal-protection claim. If they can do so, then the court will permit the claim to proceed, but the plaintiffs will have to produce similar complaints by white persons that the sheriff's office investigated, as well as any other proof (such as, for example, racist statements or other remarks) that the sheriff's office intentionally discriminated against them because of their race. If they cannot produce such proof, the court will look favorably upon a dispositive motion by the sheriff's office.

Mere conclusory statements in an amended complaint will not suffice. In their response to the defendant's motion, the plaintiffs argue that they were "treated differently than similarly situated Whites in Montgomery County, Kentucky," R. 9. However, they failed to include this allegation in the complaint. By failing to plead facts that show the plaintiffs were treated differently than similarly situated white persons, they did not include in the complaint sufficient facts to support all of the material elements for an equal-protection claim. Nevertheless, even if the plaintiffs had stated in the complaint that they were treated differently than similarly situated white persons, the complaint still would be insufficient. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."

*Chapman v. City of Detroit*, *Mich*., 808 F.2d 459, 465 (6th Cir. 1986). The plaintiffs have not identified any facts that suggest, either directly or indirectly, that similarly situated persons were treated differently. While the court is bound by the factual allegations contained in the complaint, it "'need not accept as true legal conclusions or unwarranted factual references.'" *Varjen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001) (quoting *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Lastly, the plaintiffs sufficiently alleged an injury regarding their equal-protection claim. "[W]henever the government treats any person unequally because of his or her race, that person has suffered an injury that falls squarely within the language and spirit of the Constitution's guarantee of equal protection." *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 229-30 (1995). While the alleged dispossession of the plaintiff's property is the injury in relation to their tort claim against Martin, Shortridge's alleged unequal treatment of the plaintiffs forms their injury in regards to the federal-law claims. Therefore, the plaintiffs have satisfactorily pleaded the "injury" requirement for the § 1983 claim involving the Equal Protection Clause.

**III. Conclusion**

Accordingly,

**IT IS ORDERED** that the motion of the defendant, Fred Shortridge, to dismiss the claims against him in his official capacity as Sheriff of Montgomery County,

Kentucky, (R. 7) is **GRANTED IN PART AND DENIED IN PART**. All claims against Shortridge relating to the Due Process Clause, failure to investigate or prosecute, and failure to protect are dismissed.

**IT IS FURTHER ORDERED** that the plaintiffs may amend their complaint within fifteen (15) days from the date of entry of this order in order to plead sufficient facts to support their claim under the Equal Protection Clause. Failure to do so will result in the dismissal of the remaining claim against Shortridge.

Signed on July 9, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY