UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-26-JBC

JAMES V. GAY and
EARL GAY,                                                                                                    PLAINTIFFS,

V.             AMENDED MEMORANDUM OPINION AND ORDER

TEDDY E. MARTIN and
MONTGOMERY CO. SHERIFF'S OFFICE,                                                    DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This case is re-opened so that the court may amend its prior order (R. 25) regarding the motion to dismiss by Defendant Fred Shortridge in his official capacity (R. 22). In addition, the court will address the motions to substitute counsel (R. 23, 24). For the following reasons, the court will grant the motions.

With respect to the motion to dismiss, the court previously ordered the plaintiffs, James Gay and Earl Gay, to amend their complaint in order to plead sufficient facts in support of their claim under the Equal Protection Clause. R. 13 at 5. Specifically, the Gays needed to state that "(1) the Sheriff (a state actor) (2) intentionally discriminated against them (3) because of their race (4) while treating differently white persons who made complaints similar to the ones made by the plaintiffs." *Id.* at 5-6. The amended complaint does not contain any factual allegations regarding the treatment of non-African-Americans who made complaints similar to those made by the plaintiffs, or any other proof (such as racist

1

statements or other remarks) that the sheriff's office intentionally discriminated against them because of their race.  Although the court is bound by the factual allegations in the complaint, it need not accept as true legal conclusions "couched as factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).  Because the complaint does not allege a sufficient factual basis for their equal protection claim, the Gays have failed to state a claim upon which relief can be granted.

Claims remain against Defendant Martin under state law for trespass and for attempting to dispossess the Gays of their land.  Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had supplemental jurisdiction.  Moreover, if federal claims are dismissed before trial, the state claims generally should be dismissed as well.  *Brooks v. Rother*, 577 F.3d 701, 709 (6th Cir. 2009).  In order to discuss the feasibility of such a dismissal, the court will set this matter for a telephonic status conference.

Accordingly,

**IT IS ORDERED** that this matter is returned to the court's active docket.

**IT IS FURTHER ORDERED** that the amended motion to substitute counsel, R. 24, is **GRANTED**.  The prior motion to substitute counsel, R. 23, is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the court hereby amends its prior order (R.

25) regarding Defendant Shortridge's motion to dismiss (R.22).  The motion to dismiss is **GRANTED.**  The equal protection claim against Defendant Fred Shortridge is dismissed **WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the remaining state law claims against Defendant Ted Martin will be discussed at a telephonic status conference on February 24, 2010, at 2:00 p.m.  No later than three days prior to the date of the telephonic conference, each party to this action shall notify the undersigned of the name(s) of the individual(s) who will participate in the telephonic conference and indicate the telephone number and extension at which they can be reached at that time.  Notification may be made by e-mail to Coffman_Chambers@kyed.uscourts.gov.

**IT IS FURTHER ORDERED** that the parties are directed to file, either jointly or separately, no later than February 19, 2010, a written proposal for a schedule to resolve these claims and/or whether a without-prejudice dismissal would be appropriate.

Signed on  February 3, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY